## In re BAYCOL PRODUCTS LIABILITY LITIGATION

### No. 1431.

Judicial Panel on Multidistrict Litigation.

Dec. 18, 2001.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

## TRANSFER ORDER

This litigation currently consists of the 36 actions listed on the attached Schedule A and pending in twenty federal districts as follows: nine actions in the Western District of Pennsylvania; three actions in the Western District of Oklahoma; two actions each in the District of Connecticut, the District of Kansas, the Eastern District of Louisiana, the Western District of Louisiana, the District of Minnesota, and the District of New Jersey; and one action each in the Northern District of Alabama, the Southern District of California, the Middle District of Florida, the Northern District of Florida, the Northern District of Illinois, the Southern District of Illinois, the Middle District of Louisiana, the Eastern District of Michigan, the Southern District of Mississippi, the District of New Mexico, the Eastern District of New York, and the Northern District of Ohio.[1] Before the Panel are six motions pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings. Plaintiffs in one action in the District of Connecticut, the action in the Northern District of Illinois, the action in the Eastern District of New York, two actions in the District of Minnesota, one action in the Western District of Oklahoma, and one action in the Western District of Pennsylvania move,

respectively, for centralization in those districts.

All responding parties in the actions before the Panel agree that centralization is appropriate, but disagree on choice of transferee district. The responding parties suggest a number of possible transferee forums for this nationwide litigation. Common defendant Bayer Corporation (Bayer) suggests centralization in the Northern District of Illinois or, alternatively, in either the Southern District of Ohio or the Southern District of Texas. Defendant GlaxoSmithKline plc in its response expressed no opinion as to the most appropriate forum in which to centralize these actions, but joined with Bayer in suggesting the Northern District of Illinois at oral argument. Among the other federal districts suggested by responding parties are the Middle District of Alabama, the Northern District of Alabama, the Central District of California, the Northern District of California, the Southern District of Illinois, the Eastern District of Louisiana, the Western District of Louisiana, the District of New Jersey, the Northern District of Ohio, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, and the Middle District of Tennessee.

On the basis of the papers filed and hearing session held, the Panel finds that the 36 actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations concerning the safety of Baycol, a prescription drug used in the treatment of high cholesterol

---

* Judge Selya took no part in the decision of this matter.

**1.** In addition to the 36 actions before the Panel, the parties have notified the Panel of over 90 related federal court actions pending

in 51 districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

until the drug was recalled in August 2001. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the geographic dispersal of current and anticipated constituent actions and the wide array already of suggested transferee districts, it is clear that any one of a large number of districts would qualify as an appropriate transferee forum for this litigation nationwide in scope. In concluding that the District of Minnesota is the appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to a major metropolitan court that i) is centrally located, ii) is not currently overtaxed with other multidistrict dockets, and iii) possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Michael J. Davis for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

## SCHEDULE A

*MDL–1431——In re Baycol Products Liability Litigation*

### Northern District of Alabama

*Mary Swink v. Bayer, A.G., et al.,* C.A. No. 1:01–2275

### Southern District of California

*Arnold Stauss v. Bayer Corp.,* C.A. No. 3:01–1650

### District of Connecticut

*Otis Smithe v. Bayer Corp., et al.,* C.A. No. 3:01–1570

*Susan Corasio v. Bayer, A.G., et al.,* C.A. No. 3:01–1699

### Middle District of Florida

*Dolores Canter v. Bayer Corp.,* C.A. No. 8:01–1543

### Northern District of Florida

*Melissa Elaine Smith v. Bayer Corp.,* C.A. No. 4:01–406

### Northern District of Illinois

*Ronald Cohen, et al. v. Bayer, A.G., et al.,* C.A. No. 1:01–6257

### Southern District of Illinois

*Ronald Weber v. Group Bayer, et al.,* C.A. No. 3:01–545

### District of Kansas

*Ronald O. Davis v. Bayer, A.G., et al.,* C.A. No. 6:01–1272

*Juanita Boling v. Bayer, A.G., et al.,* C.A. No. 6:01–1273

### Eastern District of Louisiana

*Linda Schexnayder v. Bayer Corp.,* C.A. No. 2:01–2495

*John J. Fritzinger, et al. v. Bayer Corp., et al.,* C.A. No. 2:01–2850

### Middle District of Louisiana

*Ada Jackson, et al. v. Bayer Corp.,* C.A. No. 3:01–771

### Western District of Louisiana

*Carol Arlene Naegele, et al. v. Bayer Corp., et al.,* C.A. No. 2:01–1684

*William Scott Clark, et al. v. Bayer Corp.,* C.A. No. 6:01–1846

*Eastern District of Michigan*

*Ionel Glazer v. Bayer, A.G., et al.*, C.A. No. 2:01–73314

*District of Minnesota*

*Raymond Dubberly v. Bayer Corp.*, C.A. No. 0:01–1594

*William J. Krohn v. Bayer Corp.*, C.A. No. 0:01–1624

*Southern District of Mississippi*

*Johnson Lee Davis, etc. v. Bayer Consumer Care*, C.A. No. 4:01–258

*District of New Jersey*

*Salvatore Galasso v. Bayer Corp., et al.*, C.A. No. 2:01–3885

*Lora Gautier v. Bayer Corp., et al.*, C.A. No. 2:01–4245

*District of New Mexico*

*Ina Mitchell, et al. v. Bayer Corp.*, C.A. No. 1:01–1041

*Eastern District of New York*

*Evelyn Sternberg v. Bayer, A.G., et al.*, C.A. No. 1:01–5557

*Northern District of Ohio*

*Heriberto Rivera v. Bayer Corp., et al.*, C.A. No. 1:01–2117

*Western District of Oklahoma*

*Steven L. Sparks v. Bayer Corp.*, C.A. No. 5:01–1265

*Jack Hartman v. Bayer, A.G., et al.*, C.A. No. 5:01–1506

*Gloria Dowling v. Bayer, A.G., et al.*, C.A. No. 5:01–1507

*Western District of Pennsylvania*

*Diane Rosenthal v. Bayer Corp.*, C.A. No. 2:01–1574

*Arnold Seiffer v. Bayer Corp., et al.*, C.A. No. 2:01–1583

*Gloria Lighter v. Bayer Corp.*, C.A. No. 2:01–1604

*Barbara Elias–Vecchione v. Bayer Corp., et al.*, C.A. No. 2:01–1606

*Raymond L. Roberts v. Bayer Corp.*, C.A. No. 2:01–1617

*Patricia Srsich, et al. v. Bayer Corp., et al.*, C.A. No. 2:01–1618

*Patricia Hickerson v. Bayer Corp., et al.*, C.A. No. 2:01–1666

*Maude E. Jones v. Bayer Corp.*, C.A. No. 2:01–1670

*Doyle Woods v. Bayer Corp., et al.*, C.A. No. 2:01–1702